practice optometry." Cf. Rockett v. Texas State Board of Medical Examiners, Tex. Civ.App., 287 S.W.2d 190, wr. ref. n. r. e. See also Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563; State ex rel. Fatser v. Zale Jewelry Co., 179 Kan. 628, 298 P.2d 283; Bennett v. Indiana State Board of, etc., Optometry, 211 Ind. 678, 7 N.E.2d 977; Neill v. Gimble Bros., 330 Pa. 213, 199 A. 178; McMurdo v. Getter, 298 Mass. 363, 10 N.E.2d 139; Ezell v. Ritholz, 188 S.C. 39, 198 S.E. 419; State ex rel. Standard Optical Co. v. Superior Court, 17 Wash.2d 323, 135 P.2d 839; State ex rel. Sisemore v. Standard Optical Co. of Oregon, 182 Or. 452, 188 P.2d 309.

Appellants' briefs fail to disclose error and the judgment of the trial court declaring that "the (1) basic competence rule, (2) bait advertising rule, and (3) corporate practice rule * * * are constitutional and reasonable and not inconsistent with or contrary to the Optometry Act" is accordingly affirmed.

**Styles JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 29062.

Court of Criminal Appeals of Texas.

May 29, 1957.

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a plea of guilty before the court to the offense of transporting intoxicating liquor in a dry area, appellant's punishment was assessed at a fine of $100.

No statement of facts of the evidence, if any, accompanies the record.

Appellant timely objected to the information on the ground that the offense attempted to be charged therein was not set forth in plain and intelligible words, which objection was overruled by the trial court and exception reserved.

We have examined the information and find it to be in substantial conformity to Sec. 864, Wilson's Texas Criminal Forms, Sixth Ed.

No other bills of exception appear in the record.

The judgment is affirmed.